UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:22-cv-1434-CEM-LHP

HOWARD COHAN,

    Plaintiff,

vs.

REFLECTLIVE INC.,
a Florida Profit Corporation
d/b/a CULVER'S OF PALM BAY RD
    Defendant(s).
_____/

## ANSWERS TO COURT'S INTERROGATORIES

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through his undersigned counsel, hereby files his Verified Statement Responding to the Court's Interrogatories, and in support thereof would state:

1. **Residence Address.**

    Plaintiff resides at 2377 NW 49th Lane, Boca Raton, Florida 33431.

2. **Name of current employer and place of employment.**

    None; Plaintiff is retired and currently on disability.

3. **Date(s) and time(s) that you visited the subject property.**

    Plaintiff has a specific recollection of having visited the Defendant's property located at 4355 Norfolk Pkwy, West Melbourne, FL 32904 on April 25, 2022.

4. **Purpose of your visit(s) and duration of your stay(s).**

Plaintiff visited the Defendant's restaurant as a bonafide patron seeking full and equal access and full and equal enjoyment of the facilities and amenities within the restaurant.

Independent of the personal desire to have access to this place of public accommodation barriers to access, Plaintiff acts as an advocate for the disabled and as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in places of public accommodations. When acting as a "tester", Plaintiff personally visits the public accommodation, engages all of the barriers to access, or at least those that he is able to access, and tests all of those barriers to access to determine whether and to the extent to which they are illegal barriers to access.

5. **Did anyone else accompany you? If so, who?**

No.

6. **Describe the nature of your disability.**

Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb. The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. As a result of these medical conditions Plaintiff's suffers body weakness, mobility limitations, abnormal gate, and abnormal balance. Additionally, his ability to lift, reach, bend, stretch, and twist are all substantially restricted.

7. **Specifically list each architectural barrier that you personally observed or experienced at this facility.**

**Men's Restroom - General**
a. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.
b. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.
c. Failure to provide the correct opening width for a forward approach into a lavatory (sink) in violation of 2010 ADAAG §§ 305, 305.7.1, 404, 605.3 and 606.2

**Men's Restroom - Accessible Stall**
d. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.
e. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.
f. Failure to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§ 603, 603.4 and 308.
g. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (trash can)
h. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (baby changing table)

**Outdoor Seating**
i. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.
j. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Indoor Seating**
k. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

l. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.
  m. Failure to provide a sufficient dispersion of seating thought the facility when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.2, 902, 305 and 306.

8. **Did you take notes or make a contemporaneous record of these barriers? If so, please attach a copy to these Answers.**

   Yes, Plaintiff took photographs of the barriers. Copies of said Plaintiff's visit photographs to the property is attached hereto as *Exhibit A*.

9. **Please list any other Title III cases in which you have been a party in this District.**

   I have been a plaintiff in approximately 398 Title III cases in this district. Please see attached "Select a Case" printout from the Middle District of Florida Electronic Case Filing System, attached hereto as *Composite Exhibit B*.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746. I verify under penalty of perjury that the foregoing is true and correct.

Executed on: 7/30/22

By: _____
Howard Cohan
Plaintiff

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 30, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Defendant's Registered Agent in this action via USPS at:

REFLECTLIVE INC.
c/o Christopher, Czaplicki
950 Malabar RD SW
STE 110807
Palm Bay, FL 32911

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQ
Florida Bar No.: 0105553
**Primary Email:** greg@sconzolawoffice.com
**Primary Email:** samantha@sconzolawoffice.com
**Secondary Email:** alexa@sconzolawoffice.com